**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| ASHLEY BRODUER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:14-cv-00398 |
| | ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) |
| | ) |
|     Defendant. | ) |

**<u>PLAINTIFF'S COMPLAINT</u>**

Plaintiff, ASHLEY BRODUER ("Plaintiff"), through her attorney, Mark D. Trujillo, alleges the following against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k (FDCPA).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Albuquerque, Bernalillo County, New Mexico.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency headquartered in Norfolk, Virginia.

11. Defendant is a business entity engaged in the collection of debt within the State of New Mexico.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. When an unpaid, outstanding account is placed with Defendant it is assigned an account number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

18. Defendant is attempting to collect a consumer debt from Plaintiff on behalf of the original creditor, Capital One, incurred in 2001.

19. The alleged debt owed arises from transactions for personal, family, and household purposes.

20. Beginning in or around November 2013, Defendant began placing collection calls to Plaintiff's parents on their home telephone number at 804-795-19xx in an attempt to collect the alleged debt.

21. Plaintiff's parents were not co-signors on Plaintiff's debt and do not owe Plaintiff's debt.

22. Defendant calls Plaintiff's parents from telephone number 404-719-4368.

23. The telephone number 404-719-4368 is one of Defendant's telephone numbers.

24. During these telephone conversations, Plaintiff's father spoke with Defendant's collector.

25. During these telephone conversations, Defendant's collector told Plaintiff's father that Plaintiff owed a debt.

26. During these telephone conversations, Plaintiff's father told Defendant to stop calling, stating Plaintiff did not live there.

27. Despite Plaintiff's father's requests, Defendant continued to call Plaintiff's parents.

28. During at least one of the telephone conversations, Defendant's collector first stated that the collector was calling "from the office," leading Plaintiff's father to believe Plaintiff's co-worker was calling.

29. During the aforementioned conversation, Defendant's collector eventually identified the collector as a collection agent of Defendant's.

30. During at least one of the telephone conversations, Defendant's collector told Plaintiff's

father that Defendant would sue Plaintiff in regards to the alleged debt owed if Plaintiff's father didn't give Plaintiff's information to Defendant.

31. During at least one of the telephone conversations, Defendant's collector failed to identify who was calling.

32. Defendant's collector was working within the scope of the collector's employment when the collector communicated with Plaintiff's father in an attempt to collect the alleged debt.

33. Defendant's collector did not state that the call was from Portfolio Recovery Associates, LLC.

34. Defendant's collector did state that Plaintiff owed a debt.

35. Defendant's collector is familiar with the FDCPA.

36. Defendant's collector knows the FDCPA requires debt collectors to identify the company's name when placing a telephone call.

37. Defendant's collector knows the FDCPA prohibits debt collectors from stating that the communication is an attempt to collect a debt when speaking with anyone other than the Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

38. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692b(1) of the FDCPA by communicating with any person other than the Plaintiff for the purpose of acquiring location information about the Plaintiff and failing to identify himself when Defendant's collector failed to identify himself to Plaintiff's father;

    b. Defendant violated §1692b(2) of the FDCPA by communicating with any person other than the Plaintiff for the purpose of acquiring location information about the

4

Plaintiff and stating that Plaintiff owes a debt when Defendant's collector told Plaintiff's father that Plaintiff owed a debt;

c. Defendant violated §1692b(3) of the FDCPA by communicating with any person other than the consumer more than once when Defendant called Plaintiff's parents more than once;

d. Defendant violated §1692c(b) of the FDCPA by communicating, in connection with the collection of any debt, with any person other than the consumer when Defendant disclosed Plaintiff's alleged debt to Plaintiff's father;

e. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt;

f. Defendant violated §1692d(5) of the FDCPA by causing the telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff's parents;

g. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant failed to state that call was from Portfolio Recovery Associates, LLC;

h. Defendant violated §1692e of the FDCPA by using false, deceptive, and misleading representations in connection with the collection of any debt when Defendant told Plaintiff's father the collector was calling "from the office;"

i. Defendant violated §1692e(5) of the FDCPA by threatening to take action that cannot be legally taken or that is not intended to be taken when Defendant's collector threatened Plaintiff's father that a lawsuit would be filed against Plaintiff;

5

and

j. Defendant violated §1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt.

WHEREFORE, Plaintiff, ASHLEY BRODUER, respectfully requests judgment be entered against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, for the following:

39. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

40. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

41. Any other relief that this Honorable Court deems appropriate.

DATED:  April 29, 2014             RESPECTFULLY SUBMITTED,

By:   /s/ Mark D. Trujillo_____
       Mark D. Trujillo
       13204 Sentinel Ct NE
       Albuquerque, NM 87111
       505-980-1502
       marktrujillolaw@yahoo.com